IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:16-CR-74-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNNY MACK HONEYCUTT | ) |

## **PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of the Memorandum of Plea Agreement by the defendant, Johnny Mack Honeycutt, on March 27, 2017, the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), to wit:

(1) A 2014 Chevrolet Silverado, VIN #3GCPCREC6EG360177;

(2) A 2010 Ford Fl50, VIN #1FTEX1E87AFA64346;

(3) A 2000 GMC Sierra, VIN #1GTFC24T8YE101559;

(4) A 7' x 12' trailer, VIN #53BPTEA26EU008964;

(5) The real property located at 140 Morristown Road Stella, North Carolina, being all of Lot 5, Stella Fields, Phase 1, as the same appears on that plat of record in Map Book 29, Page 612, Carteret County Registry, also shown as Lot 5 on Map Book 29, Page 545 Carteret County Registry.

(6) A money judgment for $749,306.52, which represents all proceeds the Defendant obtained, directly or indirectly, from the offense charged in this criminal information, and all interest and proceeds traceable thereto. In as much as items 1 through 4,

above, are directly traceable to proceeds of the crime charged herein, the net value of the disposition of those items shall offset the amount of the money judgment;

AND WHEREAS, by virtue of said Memorandum of Plea Agreement and the Consent to Forfeiture the United States is now entitled to possession of said property, pursuant to 18 U.S.C. §§ 981 (a)(1)(C), as allowed by Fed. R. Crim. P. 32.2 (c)(2);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement as to the defendant, Johnny Mack Honeycutt, the United States is hereby AUTHORIZED to seize the above-stated real and personal property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3).  In addition, JUDGMENT is entered for the amount of the gross proceeds, that is, $749,306.52, as allowed by Fed. R. Crim. P. 32.2(b)(2)(A).  In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order and Judgment is final as to the defendant upon entry.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the

applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. With regard to the real and personal property, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General, the United States Department of Treasury, or the Director of the U. S. Department of Homeland Security directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to

21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

This 4 August 2017.

_____
W. Earl Britt
Senior U.S. District Judge